**BRICKELL v. BOND REALTY CORPORA-
TION et al.**

Circuit Court of Appeals, Fifth Circuit.
January 7, 1930.

No. 5645.

R. F. Burdine and L. C. Welter, both of Miami, Fla. (R. F. Burdine, L. C. Welter, and Burdine, Terry & Fleming, all of Miami, Fla., on the brief), for appellant.

John P. Stokes, W. H. Burwell, and D. H. Redfearn, all of Miami, Fla. (W. H. Burwell, Redfearn & Ferrell, and Loftin, Stokes & Calkins, all of Miami, Fla., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from an order adjudging the appellant a bankrupt. That order was entered in pursuance of the prayer of an involuntary petition filed on November 23, 1928. That petition charged acts of bankruptcy as follows:

(1) "That the said Maude E. Brickell did, on the 1st day of August, A. D. 1928, execute a trust deed to the Trust Company of Georgia, a Georgia corporation, and H. Dale Miller, recorded November 5th, 1928, in the public records of Dale County, Florida, under Clerk's File No. 44508, to secure a bond issue of Two Million Dollars ($2,000,000); that said trust deed conveyed all, or substantially all, of the property of the said Maude E. Brickell, and these petitioners charge that said trust deed was given for the purpose of liquidating the assets of the said Maude E. Brickell so that she could conceal the same and hinder, delay and defraud her creditors."

(2) "That on November 8, 1928, the said Maude E. Brickell did execute a warranty deed to all of the property described in the trust deed above set forth, to Kincaimo Company, Inc., a corporation recently organized under the laws of the State of Florida, wherein three stenographers out of the office of the attorneys for the said Maude E. Brickell are the incorporators, and these petitioners are informed and believe that the said corporation is owned and controlled by the said Maude E. Brickell, and charge that said con-

veyance was made with the intent to conceal her assets and to further hinder, delay and defraud her creditors."

After the filing by appellant on January 7, 1929, of a motion to dismiss the petition, and the denial of that motion on February 8, 1929, the appellant filed her answer to the petition on February 18, 1929. That answer, after admitting the execution of the above-mentioned trust deed, and that it purported to convey all, or substantially all, of appellant's property, contained the following:

"But denies that the said Trust Deed was given for the purpose of liquidating the assets of the said Maude E. Brickell so that she could conceal the same and hinder, delay and defraud her creditors, as charged in the petition filed in this cause by petitioning creditors, but the said Maude E. Brickell avers the fact to be that said Trust Deed was executed to secure said purported bond issue for the purpose of securing funds through the sale of said bonds to pay in full all the claims of the creditors of the said Maude E. Brickell, and for no other purpose; and avers the fact to be that none of the bonds evidencing the said amount purported to be secured by the said Trust Deed has been sold, transferred, negotiated or delivered; that the attorney of said Maude E. Brickell was negotiating for the sale of said bonds in New York City at the time the petition herein was filed, but that thereupon such negotiations were terminated, and no market prevailed thereafter for the sale of said bonds as the result of the filing of the petition herein; that all of said bonds have been, and at this time are, in the possession and control of said Maude E. Brickell, and that none of said bonds is outstanding in the hands of any bona fide purchaser for value, and that therefore said Trust Deed purporting to secure the payment of said bonds never became, and is not now, a valid lien or encumbrance upon the property therein purported to be conveyed, and said Maude E. Brickell stands ready, willing and able, and hereby offers, to tender all of said bonds into this Court, and offers to cause said Trust Deed to be discharged and satisfied of record."

That answer also admitted the allegations of the petition as to the execution of a warranty deed to the named corporation, and contains the following as to that deed:

"And said Maude E. Brickell denies that the said conveyance was made with the intent to conceal her assets and to hinder, delay and defraud her creditors; but said Maude E. Brickell avers the facts to be that at the time said deed was executed and recorded, and a purchase money mortgage executed by said corporation in the amount of Fifty Thousand ($50,000) Dollars, certain judgments were about to be entered in the local state Court against said Maude E. Brickell, and that said deed was executed and recorded for the purpose of rendering said property temporarily immune from levy and sale under the lien of the said certain judgments about to be entered until such time as the proceeds from the sale of the said bond issue, then in process of negotiation, were forthcoming to pay in full all the claims of the creditors of Maude E. Brickell; and said Maude E. Brickell avers the fact to be that she is the owner of all of the stock of said corporation, and owns, controls and possesses all the stock certificates representing such ownership, and stands ready, willing and able, and hereby offers, to tender same into this Court, and that therefore the said conveyance to said Corporation is a mere fiction and the property so conveyed is, in effect, still owned and controlled by said Maude E. Brickell, and said Maude E. Brickell stands ready, willing and able, and hereby offers, to cause said corporation to convey all of said property back to said Maude E. Brickell and to discharge and satisfy the purchase money mortgage of record."

That answer also alleged that appellant is solvent, and denied that she was insolvent at the time of the filing of the petition or at the time of the commission of the alleged acts of bankruptcy. In the trial of the issues before a jury, the petitioners rested after introducing in evidence the above-mentioned parts of appellant's answer to the petition. The appellant offered to prove that she owned all the property covered by the two instruments above mentioned. That offer was accompanied by an admission that appellant could not prove that she was solvent without proving her ownership of the properties covered by those instruments. The court sustained objections to the evidence so offered. Upon the conclusion of the evidence, the court granted a motion of appellees that a verdict in their favor be directed. The appellant assigns as errors that ruling and rulings of the court on objections to evidence.

 A conveyance by a debtor of his property, or any part of it, with intent to hinder, delay, or defraud his creditors, or any of them, is an act of bankruptcy. Bankruptcy Act § 3a(1), 11 USCA § 21(a)(1). As above indicated, the appellant by her answer admitted that the above-mentioned deed "was executed and recorded for the purpose of ren-

dering said property temporarily immune from levy and sale under the lien of certain judgments about to be entered until such time as the proceeds of the sale of the said bond issue, then in process of negotiation, were forthcoming to pay in full all the claims of the creditors of" appellant. That admission was to the effect that appellant's execution of the deed mentioned was accompanied by actual intent on her part to obstruct or postpone the enforcement of the demands of her creditors. That intent was to hinder or delay creditors within the meaning of the statute, as such intent necessarily is involved where a debtor intends to render all his property immune from levy and sale under judgments against him. The existence of such intent rendered the conveyance in question an act of bankruptcy, though the appellant intended to bring about at some time in the future the application of her property to the satisfaction of her debts. The duration of the intended hindering or delaying of creditors is not material. In re Elletson Co. (D. C.) 174 F. 859; Id. (C. C. A.) 183 F. 718; 27 Corpus Juris, 504. Furthermore, the deed in question had the effect of hindering or delaying creditors, as it was an obstacle in the way of reaching the debtor's property by legal process. Appellant's admission of her actual intent in executing the deed mentioned rendered superfluous and ineffectual other evidence as to her intent.

It may be assumed that, notwithstanding the above-mentioned admissions contained in the appellant's answer, evidence of her solvency was admissible. Bankruptcy Act § 3c (11 USCA § 21 (c). Evidence of appellant's ownership of property covered by the above-mentioned deed and of the value of that property was not admissible to prove her solvency, as "a person shall be deemed insolvent within the provisions of this Act whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, or removed, ⁎ ⁎ ⁎ with intent to defraud, hinder, or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts." Bankruptcy Act, § 1(15), 11 USCA § 1(15). Under the just set out provision the value of property conveyed by appellant with intent to hinder or delay her creditors, or any of them, cannot be computed in determining the question of her solvency at the time of filing the petition. It follows that the court did not err in sustaining objections to offered evidence of the value of that property.

The record shows no reversible error. The order is affirmed.